UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

TIMOTHY DAVID MURPHY, # 183248, )
)
        Plaintiff, ) Case No. 1:13-cv-220
)
v. ) Honorable Paul L. Maloney
)
LORI BONN, et al., ) **REPORT AND RECOMMENDATION**
)
        Defendants. )
_____)

      This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. §1983. The matter is before the court on defendant Lori Bonn's motion for partial summary judgment in which she requests dismissal of Count II of plaintiff's amended complaint, a state-law claim of gross negligence. Defendant's motion is perfunctory and cannot possibly establish her entitlement to relief.

      Defendant's motion for partial summary judgment invokes the statutory immunity created by Mich. Comp. Laws § 691.1407, the Governmental Immunity from Tort Liability Act. That Act grants immunity from certain claims to "each officer and employee of a governmental agency, each volunteer acting on behalf of a governmental agency, and each member of a board, council, commission, or statutorily created task force of a governmental agency" unless certain prerequisites are met, including an allegation that the individual's conduct amounted to gross negligence that is the proximate cause of the plaintiff's injury. MICH. COMP. LAWS § 691.1407(2). By reason of this statute, claims of simple negligence are no longer actionable against governmental

employees and the other individuals listed in section 691.1407(2). The effect of the statute is to raise the standard of care to gross negligence. *See Fundunburks v. Capital Area Transp. Auth.*, 748 N.W.2d 804 (Mich. 2008); *Poppen v. Tovey*, 664 N.W.2d 269, 273 (Mich. Ct. App. 2003). Under Michigan law, "'the burden fall[s] on the governmental employee to raise and prove h[er] entitlement to immunity as an affirmative defense.'" *Brent v. Wenk*, No. 12-2669, 2014 WL 486192, at * 15 (6th Cir. Feb. 6, 2014) (quoting *Odom v. Wayne Cnty*, 760 N.W.2d 217, 227-28 (Mich. 2008)); *see Wendrow v. Mich. Dep't of Human Servs.*, 534 F. App'x 516, 532 (6th Cir. 2013) ("[Defendant] must show that her conduct was not grossly negligent and was not the proximate cause of Plaintiff's injuries."). Defendant presented no evidence on which the court could base a finding that she had carried her burden on the affirmative defense. Where, as here, the party with the burden of proof is seeking summary judgment, that party has the obligation of presenting evidence showing that no reasonable trier of fact could find other than for the moving party. *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

Defendant's motion fares no better when it is considered as an attack on the adequacy of plaintiff's pleading. Defendant relies on the principle that a gross negligence claim will not lie for intentional misconduct. *VanVorous v. Burmeister*, 687 N.W.2d 132, 143 (Mich. Cir. App. 2004). She argues that because "plaintiff's deliberate-indifference claim is the equivalent of an intentional tort . . . [h]e cannot sue for gross negligence." (docket # 51 at ID#s 330-31). The law is to the contrary. Defendant ignores the published decision of Judge Robert Holmes Bell of this court which is directly on point. *Bell v. Porter*, 739 F. Supp.2d 1005 (W.D. Mich. 2010). In *Bell v. Porter*, Judge Bell rejected the expansive interpretation of the *VanVorous* decision that defendant Bonn advances. Judge Bell held that the plaintiff's gross negligence claim was not barred by *VanVorous* and denied

the defendant's motion for summary judgment. *Id.* at 1014-16. Conduct that is deliberately indifferent is not necessarily intentional. The Sixth Circuit has observed that gross negligence under Michigan law is equivalent to deliberate indifference under Eighth Amendment analysis. *See Quigley v. Thai*, 707 F.3d 675, 686 (6th Cir. 2013). Defendant has cited no authority equating deliberate indifference with intentional conduct. Defendant's motion is baseless.

**Recommended Disposition**

I recommend that defendant's motion for partial summary judgment (docket # 50) be denied.

Dated: February 13, 2014            /s/ Joseph G. Scoville
                                    United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).