UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY DAVID MURPHY #183248,<br>    Plaintiff,<br><br>-v-<br><br>LORI BONN,<br>    Defendant.<br>_____ | No. 1:13-cv-220<br><br>HONORABLE PAUL L. MALONEY |

### ORDER MODIFYING AND ADOPTING REPORT AND RECOMMENDATION

Plaintiff Timothy Murphy, a prisoner under the control of the Michigan Department of Corrections ("MDOC"), filed a civil rights action against Lori Bonn, a corrections officer, under 42 U.S.C. § 1983. Murphy's complaint alleges that Bonn refused to accommodate his medical need for a bottom bunk due to frequent dizziness and blurred vision caused by medications used to treat his back pain. Murphy asserts that he fell from a top bunk and suffered a rotator cuff injury that continues to cause him pain and limit his activities.

Defendant Bonn filed a motion for partial summary judgment (ECF No. 50) seeking dismissal of Count II of the amended complaint, which alleges a claim of gross negligence in violation of Michigan law. The motion argued that the plaintiff's deliberate indifference claim is equivalent to an intentional tort, so a gross negligence claim should not also be allowed. The magistrate judge issued a report recommending that the motion be denied. (ECF No. 65.) The report found that Bonn failed to carry her burden on the affirmative defense of governmental immunity and that the law allows a gross negligence claim to coexist with a deliberate indifference claim. Defendant Bonn filed objections (ECF No. 66) and Plaintiff Murphy filed a response (ECF No. 67). For the reasons outlined below, Petitioner's objections are **OVERRULED IN PART** and the Report

and Recommendation is **MODIFIED** and **ADOPTED** as the opinion of this Court.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Bonn raises two objections here. First, she disputes that she raised the issue of governmental immunity and requests that the portion of the report addressing it be struck so it is not binding in the future. Second, Bonn disputes the magistrate judge's analysis of the law addressing whether a plaintiff may bring claims for deliberate indifference and gross negligence concurrently.

Bonn's first objection is well taken. Her motion for summary judgment does not address statutory immunity under Mich. Comp. Laws § 691.1407 in any way. Accordingly, the second paragraph of the Report and Recommendation will be stuck and not adopted. However, following a de novo review, the Court finds that the Report and Recommendation accurately states the

applicable facts and correctly applies the relevant law concerning Plaintiff's gross negligence claim. Nothing submitted by Defendant establishes that the deliberate indifference claim is necessarily an intentional tort that cannot coexist with a gross negligence claim. Bonn's arguments about simplifying the trial and jury confusion likewise do not warrant dismissing the gross negligence claim.

For the above reasons, Defendant's objections (ECF No. 66) are **OVERRULED IN PART** and the magistrate judge's order (ECF No. 65) is **MODIFIED** and **ADOPTED** as the opinion of this court.

**IT IS SO ORDERED.**


Date: August 22, 2014                                    /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        Chief United States District Judge